UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACEY SIMEON HALL,

        Plaintiff,

                                                                    Case number 04-70009

v.                                                      Honorable Julian Abele Cook, Jr.

DEPUTY TROY GOODNOUGH, ET AL., ,

        Defendant.

_____

ORDER

Before this Court is a request by the Plaintiff, Stacey Simeon Hall, for the appointment of counsel. For the reasons that are stated below, the Court will take Hall's motion under advisement and require him to show cause in writing as to why his claims are not frivolous.

I.

Hall initiated this 42 U.S.C. § 1983 action against the Defendants[1] on October 3, 2003 in the Monroe County Circuit Court of Michigan. In his Complaint, Hall asserts, in part, that he was arrested, beaten, and falsely imprisoned by City of Monroe and Monroe County law enforcement officers on August 16, 2001. He also contends that (1) various Monroe County prosecutors conspired with named and unnamed police officers to deprive him of his constitutional rights; (2) Michigan Family Independent Agency officials and Monroe County Friend of the Court employees denied him, as well as his children, an equal protection of the law and violated the "Klux Klan Act

---

[1] Among the 43 listed Defendants in this matter are 22 Monroe police officers, various members of the Michigan Family Independence Agency and the Monroe County Friend of the Court, several Monroe County prosecutors and probation officers, the City of Monroe, the County of Monroe, and the State of Michigan.

of 1870 & 1871"; and (3) the City of Monroe, Monroe County and the State of Michigan established a pattern and practice of deliberate indifference by refusing to investigate his complaints against their law enforcement officers.

The Defendants, after removing Hall's Complaint to this Court on January 5, 2004, filed a motion for a summary judgment on February 23, 2005. Several days later (March 3, 2005), Hall filed this motion for an appointment of counsel, asserting that he (1) is unable to afford an attorney and (2) does not have the legal knowledge to litigate this case without the assistance of counsel. Moreover, he submits that he, because of his status as an inmate at the Hiawatha Correctional Facility in Kincheloe, Michigan, can neither conduct discovery nor interview potential witnesses.[2] On March 9, 2005, this Court directed him to submit any financial documentation that would support his claim of indigence. Fourteen days later, he fully complied with this directive by submitting the requisite financial information.

II.

28 U.S.C. § 1915(e)(2) provides that "[t]he Court may request an attorney to represent any person unable to afford counsel." Accordingly, a district court has the discretion to appoint counsel for an indigent civil litigant. *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1992). The appointment of counsel is a "privilege that is justified only by exceptional circumstances." *Id.* at 606. In evaluating whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." *Id.* at 606 (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)); *see also Haines v. Saginaw Police Dept.* 35 F.3d 565, 1994 WL

---

[2]The record indicates that Hall was incarcerated following the entry of his guilty plea on October 25, 2003 for assaulting a Monroe County police officer.

445234, *2 (6th Cir. Aug. 17, 1994) (unpublished) ("[s]ome of the factors the court should consider when making the decision to appoint counsel include the viability or frivolity of the indigent's claims, the nature and complexity of the case, and indigent's ability to present the case.").

Here, Hall has made the requisite showing of indigence to support his request for the appointment of counsel.  However, this Court, following its close examination of the pleadings in this cause, is unable to determine if Hall's various claims have any merit.  As pointed out by the Defendants in their motion for a summary judgment, his Complaint does not provide a "short and plain statement" of his claims, as required by Fed. R. Civ. P. 8(a).  Specifically, he does not identify – with any degree of clarity – the constitutional violations that were allegedly suffered by him at the hands of the Defendants.  Instead, Hall offers only conclusory allegations and legal jargon to support his claims.[3]

The Sixth Circuit has made it clear that the appointment of counsel pursuant to 28 U.S.C.

---

[3] Paragraph 40 of Hall's Complaint exemplifies his excessive use of legal jargon and conclusory allegations:

> That as a result of their unlawful, malicious, reckless, and indifferent acts or omissions, the Defendant Officers, both alone and in concert, conspire [sic] to and acted under the color of law but contrary to law and did deprive Plaintiff of his rights, privileges, ordinarily secured under constitutional laws of the State of Michigan and of the United States, including but not limited to Plaintiffs [sic] right to be free from unreasonable search or seizure of his person, the excess of use of physical force, slander, criminal (culpable) negligence, obstruction of justice, civil disorder, unjust enrichment, aggravating circumstances, conspiracy, conspirator, abuse of discretion, double jeopardy, and the loss of liberty without due process of law, as guaranteed by the Constitution of the State of Michigan and the United States.

Pl.'s Compl. ¶ 40.

§ 1915(d) is not appropriate when a "pro se litigant's claims are frivolous, or when the chances of success are extremely slim." *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985) (internal citations omitted). The Defendants, in their motion for summary judgment, advance several claims why Hall's claims fail as a matter of law. They argue that the municipal Defendants, which include Monroe County, the Monroe County Commissioners, and the Monroe County Sheriff's Department, are entitled to immunity from liability because there is no evidence of an expressed or an implied policy which resulted in a constitution violation in this case. Furthermore, it is their collective view that the individual deputies are also entitled to the entry of a judgment as a matter of law because (1) they had probable cause to arrest Hall, and (2) any force that was utilized by them was reasonable under the circumstances.

While courts recognize that pro se litigants are afforded more latitude in drafting pleadings, they "have been unwilling to abrogate basic pleading essentials in pro se suits."*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Given the present state of Hall's pleadings, this Court cannot determine if any of his causes of action have merit. As such, the Court will decline to address the merit of Hall's application for the appointment of counsel at this stage. Rather, this Court believes that another course of action would be more appropriate at this time under the circumstances.

Thus, the Court will require Hall to show cause in writing (and in plain English) why his claims are not frivolous. His written response must be filed with the Clerk of the Court within a period of thirty (30) days from the date of this Order. At the conclusion of that period, this Court will make a determination on Hall's motion for the appointment of counsel.

IT IS SO ORDERED.

DATED:    April 27, 2005                           s/ Julian Abele Cook, Jr.
          Detroit, Michigan                        JULIAN ABELE COOK, JR.
                                                   United States District Judge

Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on April 27, 2005.

                                                   s/ Kay Alford
                                                   Courtroom Deputy Clerk