UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACEY SIMEON HALL,

        Plaintiff,

                                                                                   Case number 04-70009

v.                                                                         Honorable Julian Abele Cook, Jr.

DEPUTY TROY GOODNOUGH, ET AL.,

        Defendant.

_____

## ORDER

On March 3, 2005, the pro se Plaintiff, Stacey Simeon Hall, filed a motion, in which he formally asked the Court to appoint an attorney who would assist him in responding to a dispositive motion that had been filed by the Defendants, Deputy Troy Goodnough, et al.

In his Complaint, Hall contends that he was arrested, beaten, and falsely imprisoned by several municipal and county law enforcement officers in Monroe, Michigan on August 16, 2001. Among Hall's wide array of allegations, he asserts that (1) several prosecutors in Monroe County conspired with these police officers to deprive him of his constitutional rights; (2) officials from the Michigan Family Independent Agency and the Monroe County Friend of the Court refused to provide him and his children with any semblance of equal protection of the law and, in so doing, violated the "Klux Klan Act of 1870 & 1871"; and (3) the City of Monroe, Monroe County and the State of Michigan have established a pattern and practice of deliberate indifference by refusing to investigate his complaints against their law enforcement officers.

Prior to ruling on Hall's request for the appointment of counsel, the Court issued a directive on April 27, 2005 which ordered him to show cause in writing why his claims should not be

dismissed for frivolousness. Less than one month later (May 23, 2005), Hall submitted a narrative response, which included a reference to two of the Defendants (Deputies Troy Goodnough and Louis Galloro) both of whom arrested him on a domestic violence charge on April 16, 2001. Hall, despite not having resisted the arrest, insists that Goodnough used excessive force by pushing him down a flight of stairs which ultimately produced injuries to his back and shoulders. According to Hall, these officers also prevented him from receiving prompt medical attention for the injuries that he sustained as the result of their violent conduct.

Under 28 U.S.C. § 1915(e)(2), a district court "may request an attorney to represent any person unable to afford counsel." Under such circumstances, the district court has the discretion to appoint counsel for an indigent civil litigant. *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1992). In fact, the appointment of counsel is a "privilege that is justified only by exceptional circumstances." *Id.* at 606. In evaluating whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." *Id.* at 606 (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)); *see also Haines v. Saginaw Police Dept.* 35 F.3d 565, 1994 WL 445234, *2 (6th Cir. Aug. 17, 1994) (unpublished) ("[s]ome of the factors the court should consider when making the decision to appoint counsel include the viability or frivolity of the indigent's claims, the nature and complexity of the case, and indigent's ability to present the case.").

As a preliminary matter, the Court notes that a substantial portion of Hall's Complaint appears to be frivolous and without any factual support. Although Hall listed 22 police officers as Defendants in his Complaint, he, in his response to the show cause directive of May 23, 2005, only identified Goodnough and Galloro as the persons who allegedly violated his civil rights. Hall has

not attributed a violation of his civil rights to any other individual or entity listed in his Complaint with any reasonable degree of specificity. As an example, Hall, in responding to the show cause order on May 23, 2005, made no specific reference to an earlier claim that certain Michigan Family Independent Agency officials and Monroe County Friend of the Court employees had denied equal protections of the law to his family, and, in so doing, these entities violated the "Klux Klan Act of 1870 & 1871." Moreover, Hall's response to the show cause order does not raise any claim against any of the probation officers who were generally identified by him in the Complaint.  In light of Hall's failure to assert any substantive facts upon which to support his allegations against these Defendants, these claims must be dismissed for frivolousness.

However, the Court, upon its review of the Hall's response, concludes that he has arguably stated a potentially valid claim against (1) Goodnough and Galloro both of whom allegedly used excessive force and falsely arrested him; and (2) the Monroe County Sheriff's Department and its prosecuting attorneys because of their claimed refusal to protect him from being victimized by the unlawful use of excessive force and the initiation of a false arrest complaint.

Although some of Hall's allegations from his Complaint are patently frivolous, others are "sufficiently serious enough" to merit the appointment of counsel. *See Williams v. Newell*, 2002 WL 1559762, *1 (E.D. Mich. Jul. 15, 2002) (unpublished). Thus, it is the opinion of the Court that the appointment of an attorney for Hall would expedite a fair and expeditious resolution of this controversy.  As a pro se litigant, the Court presumes that Hall does not have the requisite legal knowledge, training, and experience with which to adequately respond to the Defendants' purported defenses of absolute and qualified immunity.

However, the Court is also mindful of any prejudice that may inure to the Defendants as a

3

result of Hall's petition for counsel.  With recognition that most of the claims in the Complaint are frivolous and unsupported by any well pleaded facts, the Court will limit the issues in this litigation to the two claims that were explicitly raised by him in his response to the show cause order; namely, Hall's claims under 42 U.S.C. § 1983 for the (1) alleged use of excessive force and the initiation of a wrongful false arrest charge by Goodnough and Galloro; and (2) the violation of his civil rights by the Monroe County Sheriff's Department (including Sheriff Crutchfield) and the Monroe County Prosecuting Attorneys (including any individual prosecuting attorneys).  All remaining causes of action, as well as all other persons and entities who have been named as Defendants in this litigation, are dismissed without prejudice.

Accordingly, Hall's motion for the appointment of counsel is granted, and the Court will undertake every reasonable effort to obtain the services of an attorney who will be willing to represent Hall's interests on a pro bono basis.  Therefore, this litigation (including all discovery measures and the Defendants' pending motion for summary judgment) will be stayed for a period of sixty (60) days from the date of this Order or until such time as the Court receives an appearance from a substitute counsel, whichever occurs first.  In the event that the Court is unable to secure an attorney for Hall in this case prior to the expiration of the sixty day period and in the absence of a modification of this Order, the Clerk is instructed to return this case to the active trial docket, leaving him with the responsibility to prosecute the remaining claims without the benefit of an attorney.

    IT IS SO ORDERED.

DATED:    June 27, 2005                               s/ Julian Abele Cook, Jr.
              Detroit, Michigan                    JULIAN ABELE COOK, JR.
                                                     United States District Judge

<u>Certificate of Service</u>

I hereby certify that on June 27, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

<u>s/ Kay Alford</u>            
Courtroom Deputy Clerk