UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACEY SIMON HALL,

        Plaintiff,

                                               Case number 04-70009

v.                                          Honorable Julian Abele Cook, Jr.

TROY GOODNOUGH et al, al,

        Defendants.

## ORDER

This action involves a dispute between the *pro se* Plaintiff, Stacey Simon Hall, and the Defendants, all of whom are official entities and representatives of the municipal government in Monroe County, Michigan.[1] The Court has been called upon to address a motion for summary judgment that has been filed by the Defendants.

For the reasons that have been set forth below, the Defendants' dispositive motion will be granted in part, and denied in part.

### I.

In 1986, the Supreme Court declared that "[o]ne of the principle purposes of the summary judgment rule is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The Federal Rules of Procedure provide that a

---

[1] The Defendants have been identified in this litigation as (1) Monroe County, (2) Monroe County Board of Commissioners, (3) Monroe County Sheriff's Department, (4) Sheriff Tilman Crutchfield, and (5) Monroe County Deputy Sheriffs (Troy Goodnough, Louis Galloro and Scott Hedger).

motion for summary judgment should be granted only if the movants are able to "show that there is no genuine issue as to any material fact and that [they are] entitled to a judgment as a matter of law." Fed.R.Civ. P. 56©. Whenever such a dispositive motion is filed, the burden is upon the moving parties to demonstrate that there are no genuine issues of a material fact to be resolved in this litigation. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In assessing the Defendants' pending motion, the Court is obliged to examine all of the pleadings, depositions, answers to interrogatories, admissions, and affidavits in a light that is most favorable to Hall who is the non-moving party. Fed. R. Civ. P. 56©; *see United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984). It is incumbent upon the Court to determine "whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Hence, it is the burden of the moving parties in this case to (1) proffer a sufficiency of evidence which will make the issue "so one-sided that [they] must prevail as a matter of law," *id.* at 252, or (2) point to a failure by their opponent to present evidence that is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. However, upon such a showing, the non-moving party must act affirmatively to avoid the entry of a summary judgment. Fed. R. Civ. P. 56(e). Thus, the presentation of a mere scintilla of supporting evidence is an insufficient basis upon which to obtain a favorable decision from the Court. *See Anderson*, 477 U.S. at 252, *quoted in Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). Indeed, "[i]f the evidence is merely colorable or is not significantly probative summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

II.

This controversy originated with a dispute between Hall and his son, Stacey Simon Hall, Jr., in their Monroe County home on April 16, 2001. When their quarrel became potentially violent in nature,[2] the Defendant Deputy Sheriffs were called upon to quell the disturbance and establish a level of tranquility at Hall's home. Shortly after their arrival, a verbal and physical tussle ensued between Hall and Goodnough. In their exchange, Hall contends that he was forcefully assaulted by Goodnough without just cause and was, thereafter, unlawfully arrested by him. According to Hall, this encounter caused him to sustain severe injuries which necessitated medical attention and resulting costs. On the other hand, Goodnough maintains that it was his determination that Hall had breached the peace in the community and, as a Monroe County law enforcement officer, he and the other officers only undertook those lawful and appropriate measures with which to effect an arrest.

III.

According to the Federal Rules of Civil Procedure 8(a)(2), a complaint must contain a short and plain statement of the claim which demonstrates with clarity that the pleader is entitled to relief. In their motion, the Defendants assert that Hall has failed to identify the constitutional rights that were allegedly violated by them with any reasonable degree of specificity.

Contrary to this argument, Hall does assert a violation under 42 U.S.C.§1983 which, if proven by a preponderance of the evidence, would establish a viable cause of action against the Defendants. He repeatedly accused one of the Defendants (i.e., Goodnough) of using excessive force against him while the other officers neither intervened nor undertook any action that would have protected him from receiving any unwarranted injury. Thus, and keeping in mind Hall's

---

[2]The pleadings in this cause portray a domestic scene which reflected accusations that Hall had (1) been engaged in a physical conflict with his son, (2) thrown dishes at his wife, and (3) threatened to shoot any law enforcement officers who came upon his property. All of these contentions have been denied by Hall.

status as a *pro se* litigant, he has demonstrated that his claims do not lack specificity.

IV.

In order for a local government to be sued under 42 U.S.C. § 1983 for an injury that was caused by its agents or employees, the aggrieved party must allege and ultimately establish the nexus between the claimed harm and the policy or custom of the municipality. *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 664 (1978). Moreover, a local governmental entity cannot be held liable under this statute on a *respondeat superior* theory for the constitutional torts of its employees. *Monell*, 436 U.S. at 663. As such, it is incumbent upon the victim to demonstrate that the supervisor of the tortfeasor encouraged the specific misconduct or in some other way directly participated in it. *Bellamy v. Bradley,* 739 F.2d 416, 421 (6th Cir. 1984).

Here, a review of the record reveals that Hall has failed to assert or establish that Monroe County, the Monroe County Commissioners, Monroe County Sheriff Tilman Crutchfield or the Monroe County Sheriff's Department encouraged or authorized any of the Deputy Sheriffs' alleged misconduct. Moreover, there is no allegation that any of these Monroe County entities or representative maintained a policy or a custom that permitted or authorized the alleged misconduct. As a consequence, the Court determines that Hall has failed to state a viable claim against Monroe County, the Monroe County Commissioners, Monroe County Sheriff Tilman Crutchfield or the Monroe County Sheriff's Department. Therefore, inasmuch as Hall has been unable to demonstrate that any of these Defendants encouraged, authorized, approved, or directly participated in the alleged misconduct, they are collectively declared to be immune from liability in this lawsuit.

V.

In order for Hall to be successful in his pursuit of a wrongful arrest claim under 42 U.S.C. § 1983, he must prove that the alleged tortfeasors (i.e., law enforcement officers) did not have probable cause to arrest him. *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002). The words, "probable cause," have been defined by the Supreme Court to include those facts and

circumstances within an officer's knowledge that would justify the conclusion by a reasonable person under similar circumstances that the accused had committed, is committing, or is about to commit a criminal offense.  *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979).  Probable cause exists if there is a "fair probability" that the person to be arrested has either committed or intends to commit a crime.  *Id.*  Typically, the question of whether probable cause does or does not exist is a question that must be determined by a jury unless only one reasonable conclusion is possible.  *Pyles v. Raisor,* 60 F.3d 1211, 1215 (6th. Cir. 1995).

      Even though Goodnough et al responded to a domestic violence dispute call at the Hall residence, this information - standing by itself - is an insufficient basis upon which to conclude that they had a probable cause to arrest Hall.  Although Hall's wife told these investigating officers that her husband had slapped their son, this allegation that was flatly denied by him.  Hence, this issue of whether the officers has probable cause to arrest Hall on April 16, 2001 must be submitted to the jury.

      Turning to the question of whether Hall was subjected to an unreasonable display of force during the course of the arrest, the Government - in this instance - Monroe County had "the right to use some degree of physical coercion or threat thereof to effect it."  *Kostrezewa v. City of Troy*, 247 F.3d 633, 639 (6th Cir. 2001) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).  In order for physical force to be considered reasonable under a Fourth Amendment analysis, the facts and circumstances must be considered from the point of view of the arresting officers.  *Graham*, 490 U.S. at 396.  Law enforcement officers are permitted to use some amount of physical force in order to effectuate an arrest.  *Kostrezewa,* at 639 (citing *Graham*, 490 U.S. at 396).  An excessive force inquiry by the Court is an objective one, in that the underlying motivations of the individual officers are irrelevant.  *Graham,* 490 U.S. at 396.  However, it is important to determine whether the officer's conduct was objectively reasonable under the circumstances at the time of the incident.  *Id.*  The knowledge of the arresting officer - and not the suspect - is determinative.  *Smith v. Thornburg,* 136 F.3d 1070, 1077 (6th Cir. 1998).

When seeking to determine if an application of force was reasonable, a court is encouraged to examine (1) the relationship between the need and the amount of force applied, (2) the extent of the injury inflicted, and (3) if the force was applied in good faith or whether the challenged conduct of the officer was the result of a malicious intention to cause harm. *Id.* (citing *Putnam v. Gerloff,* 639 F.2d 415, 420 (8th Cir. 1981)).

In this case, Hall insists that Goodnough repeatedly pushed him without any provocation or justification. He contends that the officers were merely asked to leave his home because, according to him, their presence was not needed. In their pursuit of this summary judgment motion, the Defendants, in their collective defense, submit that the use of physical force against Hall was reasonable and necessary because he had become extremely belligerent and was resistant to arrest during the alleged incident. Moreover, they assert that Hall's injuries were sustained as a result of his own resistive conduct.

Here, the versions of the events which brought about the contact between Hall and the Defendants are diametrically opposite. Thus, it is clear that genuine issues of material facts exist with regard to whether the use of physical force by the Defendant law enforcement officers was lawful.

VI.

Government officials are typically immune from civil liability under a qualified immunity defense if their actions do not violate clearly established statutory or constitutional rights. *Poe v. Hayden*, 853 F.2d 418, 423 (6th Cir. 1988) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). Whether an official may be held personally liable for a tort depends upon the objective reasonableness of the action which must be determined in a light of the law that was established at the time of the event. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (citing *Harlow,* 457 U.S. at 819). For purposes of evaluating a claim of qualified immunity, the constitutional right that is alleged to have been violated must be sufficiently clear so that a reasonable governmental official would fully understand the scope as well as the consequences of his alleged misconduct.

*Anderson,* 438 U.S. 640.  Thus, the relevant inquiry in this case focuses upon whether a reasonable governmental official in the Defendants' positions at the time of the arrest should have believed that their conduct was lawful.  *Poe,* 853 F.2d at 423-24.

In determining whether a right was clearly established, courts are encouraged to examine the federal constitutional, statutory or case law that existed at the time of the event.  *Dominique v. Telb,* 831 F.2d 673, 677 (6th Cir. 1987).  The entry of a summary judgment on the basis of a qualified immunity defense is appropriate if and when the law does not put a governmental official on notice that the actionable conduct is clearly unlawful.  *Saucier v. Katz,* 533 U.S. 194, 201 (2001).

Thus, the initial inquiry must seek to determine whether the facts demonstrate that the governmental official's conduct violated a constitutional right when taken in the light most favorable to the party who asserts the injury.  *Id.,* 533 U.S. at 201. When an excessive force claim arises in the context of an arrest or an investigatory stop, it is most properly characterized as one that invokes the protections of the Fourth Amendment, which guarantees the constitutional right "to be secure in their persons . . . against unreasonable . . . seizures" of the person.  *Graham v. Connor*, 490 U.S. 386, 394 (U.S. 1989).  A "seizure" typically occurs when governmental official restrains the liberty of an individual by physical force or a show of authority.  *Terry v. Ohio*, 392 U.S. 1, 19 (1968).

In support of their motion, the Defendants maintain that the record in this cause is devoid of any facts which suggest that they knowingly violated Hall's constitutional rights.  It is their contention that a reasonable amount of force was used by them when Hall's conduct (i.e.,acts of violence toward his family, verbally abusive to the officers, belligerent behavior, and an overall defiant behavior in their presence) is taken into consideration by the Court. On the other hand, Hall maintains that he repeatedly asked the officers to leave the premises and cooperated with them at all times.  Furthermore, he insists that Goodnough repeatedly pushed him with excessive force and without any provocation.

It is clear to this Court that a genuine issue of a material fact exists as to whether the disputed conduct of these Defendant law enforcement officers on April 16th entitles any of them to the

protection of qualified immunity.

## VII.

For the reasons that are stated above, the Defendants' motion for summary judgment is granted in part, and denied in part. Specifically, the Court grants the Defendants' motion on claims relating to the immunity from liability of the Monroe County, the Monroe County Commissioners, Monroe County Sheriff Tilman Crutchfield and the Monroe County Sheriff's Department. However, inasmuch as there are genuine issues of a material fact as to all of the remaining issues, the Defendants' motion for summary judgment as it relates to the conduct of the Monroe County Deputy Sheriffs, Troy Goodnough, Louis Galloro and Scott Hedger, on April 16, 2001 must be, and is, denied.

IT IS SO ORDERED.

DATED:   February 6, 2006                    s/ Julian Abele Cook, Jr.
         Detroit, Michigan                   JULIAN ABELE COOK, JR.
                                             United States District Court Judge

### Certificate of Service

I hereby certify that on February 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

s/ Kay Alford
Courtroom Deputy Clerk